**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**DONALD LEE SWACKHAMMER,**

**Plaintiff,**

**v.**

**Case No.: 5:26-cv-00112-WFJ-PRL**

**BUREAU OF PROSONS, et al.,**

**Defendants,**

**_________________________________/**

**ORDER**

This cause is before the Court on Plaintiff's Motion for Relief from Judgment. (Doc. 10). By Order dated April 10, 2026, this case was dismissed without prejudice due to Plaintiff's failure to comply with a Court Order. (Doc. 9). Plaintiff seeks an order reversing that decision and to reopen the case. (Doc. 10). For the reasons set forth below, the Motion will be denied.

**I. LEGAL STANDARD**

Reconsideration of a prior order is an extraordinary measure that should be applied sparingly. *See Adams v. Beoneman*, 335 F.R.D. 452, 454 (M.D. Fla. 2020). The decision to reconsider "is committed to the sound discretion of the district judge." *United States v. Jim*, 891 F.3d 1242, 1252 (11th Cir. 2018) (citation omitted). Under Rule 60, a "court may relieve a party...from a final judgment, order, or proceeding" based on a party's "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). The determination whether neglect "will be considered 'excusable'... is at

bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). When considering whether a party has demonstrated excusable neglect, a court considers "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

## II. DISCUSSION

In his Motion, Plaintiff claims that he complied with the Court's Order to file an amended complaint. (Doc. 10 at 2). He states that he handed the complaint to Officer Robles on March 29, 2026,[1] and submits a handwritten "copy of the Certificate of Service" to show such. *Id.* at 2, 9. The Certificate of Service notes that he sent a Motion to Amend Complaint,[2] Amended Complaint, and Joint Appendix to the Jacksonville Division's Clerk's Office. *Id.* at 9. Plaintiff then attaches a United States Postal Service Tracking number he claims was for that mailing. *Id.* at 10. A review of the USPS's website shows that that tracking number was picked up from Coleman, Florida on April 9, 2026 and was "delivered to the front desk, reception area, or mail room at 12:16 pm on April 13, 2026 in JACKSONVILLE, FL 32202."[3] Plaintiff

---

[1] The deadline to submit the Amended Complaint as April 3, 2026. *See* Doc. 9.

[2] It is not clear why Plaintiff was filing a motion to amend when he was specifically ordered to file an amended complaint. *See* Doc. 8.

[3] *See* https://tools.usps.com/tracking/9589071052700221529967.

further complains about how mail is handled at the prison, claiming that the staff has hindered his attempts to send mail to the Court in another case too. *Id.* at 2–4.

While Plaintiff claims to have complied with the Order and filed an amended complaint, the evidence he submits does not support his claim. While he claims he utilized "Certified Mail" he does not attach a copy of the Certified Mail Receipt. Next, the Certificate of Service (Exhibit 1, Doc. 10 at 9), does not state that it was sent via certified mail, just that it was sent by U.S. Mail in "a large envelope with adequate postage…" *Id.* at 9. Further, whatever was delivered on April 13 with the tracking number listed in Exhibit 2 was not docketed in this case. This instant motion filed June 29 is the only filing since the case was dismissed.

Finally, to date, Plaintiff has not cured his deficiency. He still has not filed an Amended Complaint in compliance with the Court's March 12, 2026, Order. Plaintiff has failed to present clear and convincing evidence supporting excusable neglect and has presented no circumstances warranting relief from judgment.

## III. CONCLUSION

Plaintiff's Motion for Relief from Judgment (Doc. 10) is **DENIED**.

**DONE AND ORDERED** on October 20, 2026.

**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**<u>Copies furnished to:</u>**
Pro Se Party